FILED

NOT FOR PUBLICATION

APR 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANUSHAVAN HARUTYUNYAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-74594

Agency No. A096-151-835

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Anushavan Harutyunyan, a native and citizen of Russia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S. C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on both the omission from Harutyunyan's detailed declaration and direct testimony of the mob attack and police beating he testified about on cross-examination, *see id*. at 962-63, and the inconsistency between Harutyunyan's testimony and the medical document regarding the reasons for his hospitalization, *see Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). Accordingly, in the absence of credible testimony, Harutyunyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because Harutyunyan failed to demonstrate it is more likely than not he will be tortured in Russia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

We do not address Harutyunyan's contention that he established past persecution based on the harms he suffered in Chechnya and the filtration camp because the BIA did not address this contention, *see Ramirez-Altamirano v.*

*Holder*, 563 F.3d 800, 804 (9th Cir. 2009), and Harutyunyan does not claim that the BIA erred in failing to address the issue, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-70 (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**